In the Matter of the Claim of HILDA CHRIST, on Behalf of Herself and Minor Children, Respondent, against LEW STEEVES, Doing Business as LEW STEEVES WELDING Co., Appellant, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 10, 1956.

*James O. Boisi* for appellant.

*Katz & Leidman* for claimant-respondent.

*George J. Hayes, William H. Stieglitz, Victor Fiddler* and *Bernard Katzen* for State Insurance Fund, respondent.

*Jacob K. Javits, Attorney-General,* for Workmen's Compensation Board, respondent.

FOSTER, P. J. This controversy involves the issue of whether a binder for a policy of Workmen's Compensation Insurance, which had expired according to its terms, was nevertheless in effect at the time of an accident; and whether the cancellation provisions of subdivision 5 of section 54 of the Workmen's Compensation Law were applicable.

The employer applied to the State Insurance Fund for a policy of compensation insurance, and a binder was issued effective as of April 11, 1953 upon payment by the employer of $500. That binder expired by its terms as of 12:01 A.M. May 26, 1953. All agree that the Fund was obliged to issue a policy, and the purpose of the binder was to enable the Fund to determine the terms upon which the policy would be issued. After the Fund had made its investigation it demanded an additional premium of $495, and in connection therewith issued another binder effective as of 12:01 A.M. May 26, 1953 with an expiration date of 12:01 A.M. June 6, 1953.

On June 5, 1953 one day before the expiration date of the second binder, the employer drew a check payable to the State Insurance Fund for the additional premium of $495 and mailed it to his insurance broker for transmittal to the Fund. The broker did not receive the check until June 9 and then he mailed it to the Fund, which received it the following day. On the morning of June 11 the broker telephoned the Fund and talked with an underwriter there. The latter informed the broker that the check had been received and a policy of insurance would be issued which the broker would receive in 10 days. The policy which the underwriter said would be issued would have been effective from April 11, 1953 the issuance date of the first binder. In this conversation nothing was said about any accident but as a matter of fact the decedent employee had been accidentally and fatally injured on June 9 while engaged in the course of his employment with appellant. The appellant's report of injury was mailed to the Fund on June 10 and received by it the following day, that is June 11 — the same day the broker received assurance from the underwriter that the policy would be issued

However the underwriter testified in the course of a hearing that when he gave such assurance to the broker he did not know that an accident had happened.

We do not think that the cancellation provisions of the statute were applicable. Undoubtedly the binder was the equivalent of an insurance policy for the period it covered, and it could not be cancelled within the period unless the Fund complied with the statute (§ 54, subd. 5). But that was not the situation. The binder had expired by its terms unless the Fund waived the enforcement of its expiration date. No new policy existed unless it may be found that appellant was covered by the oral assurances of the underwriter.

While the Fund says that the binder was not cancelled but expired by virtue of its terms nevertheless on June 17, 1953 it notified the Workmen's Compensation Board that it had been cancelled 'for failure to pay a premium. This is explained by the Fund as merely a routine notice to the board that no insurance exists so the board can take whatever action against the employer it deems proper.

It cannot be said from this record, and as a matter of law that the Fund waived any of its rights, or that a valid oral insurance policy came into existence. It is true, as the underwriter frankly admitted, the Fund was willing to waive the expiration date of the second binder and accept the late premium payment, but when that assurance was given to the broker the underwriter did not know that an accident had happened, although a report of the accident had been mailed by the employer to the Fund and received some time on June 11, the same day the telephone conversation between the broker and underwriter took place. Whether the underwriter had knowledge of the accident was of course a question of fact which the board has decided adversely to appellant.

Neither waiver nor estoppel against the Fund arose from these facts. The Fund was within its rights when it declined to issue the policy after full knowledge of the facts. It did nothing to lure the employer into a position of false security 'from which it could have otherwise extricated itself, for the accident had already happened. The same reasoning applies in part to the theory of oral insurance. The Fund cannot be held liable on a policy of oral insurance unless it was found that it agreed to issue a policy after full knowledge of all the facts.

The only other possible indicia of waiver we can find in the record relates to the return by the Fund of the unearned portion of the $500 binder premium. There is no testimony concerning

this, and no point of it was made at any of the hearings beyond a casual reference, but counsel for the employer stated that the sum of $126.80 had been returned and accepted under protest.

The decision should be affirmed, with costs to the respondent State Insurance Fund.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Decision affirmed, with costs to the respondent, State Insurance Fund.